IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-01280-RBJ

ALEJANDRO MUNDO ZARATE,

Petitioner,

v.

GEORGE VALDEZ, JUAN BALTAZAR,
MARKWAYNE MULLIN, TODD BLANCHE,[1]
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner Alejandro Mundo Zarate's ("petitioner" or Mr. Mundo Zarate") Petition for a Writ of Habeas Corpus (Petition).  ECF No. 1. Among other relief, petitioner seeks an order granting his "immediate release" from custody, or, in the alternative, requiring respondents to provide him a bond hearing before an Immigration Judge.  ECF No. 1 at 24.  For the reasons below, the Court finds that Mr. Mundo Zarte's mandatory detention is unlawful and orders his release.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche has automatically been substituted in his official capacities as Acting Attorney General of the United States.

1

**A. Mr. Mundo Zarate's mandatory detention is unlawful**

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others that this Court has decided raising this precise issue. ECF No. 11 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)).

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full"

2

and "adopt[ing]" its reasoning outlined in a previous case). The Court is aware of and has read the split decisions from the Fifth and now Eighth Circuits adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, ---F.4th---, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Instead, the Court respectfully agrees with the dissenting judge in *Buenrostro* that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." 2026 WL 323330 at *11 (Douglas, J., dissenting). The dissenting judge in *Avila* makes essentially the same points. 2026 WL 819258 at *7 (finding that majority's interpretation "is not supported by the plain meaning of 'seeking,' the context of the [Immigration and Nationality Act], or the history of the [Illegal Immigration Reform and Immigration Responsibility Act]") (Erikson, J., dissenting).

In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue would logically lead to the same result here. ECF No. 11 at 3. Because the Court grants the Petition on the statutory grounds (Count One), it does not reach petitioner's substantive and procedural due

3

process claims (Counts Two and Three). *See Leyva Ramirez v. Baltasar*, 26-cv-00199-NYW, 2026 WL 318989, at *3-4 (D. Colo. Feb. 6, 2026).

## B. Release is the appropriate remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026) (internal citation omitted). And in issuring a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an Immigration Judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same)*.* However, under the particular circumstances presented here, immediate release is warranted.

In this case, respondents have unlawfully incarcerated Mr. Mundo Zarate under the wrong statute for over six months. *See* ECF No. 1 at ¶ 30 (stating that he was arrested by ICE on October 6, 2025). He has lived in the United States continuously for 26 years, is common-law married, has an 11-year-old U.S. citizen son "who suffers from a number of health issues." *Id.* at ¶¶ 28–29. He is gainfully

4

self-employed as a painter, and, most importantly, has no criminal history. *Id.* at ¶29. He is also eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

In a case with virtually identical facts, another court in this District concluded that ordering a bond hearing would not be an appropriate remedy. *Yanez Chavez v. Baltazar*, 1:26-cv-00556-SKC, 2026 WL 516934, at *3 (D. Colo. Feb. 25, 2026) (ordering the immediate release of a detained noncitizen who was warrantlessly arrested, had lived in the United State for over 20 years, owned his own business, was married with two United States-citizen children, and had no criminal record). Under the circumstances presented here, this Court reaches the same conclusion. However, the Court will not enjoin respondents from placing reasonable conditions on Mr. Mundo Zarate's release, not to include a bond or an ankle monitor. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(c)(8); *see also Garcia v. Hyde*, No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at *11 (D.R.I. Dec. 3, 2025); *Delgado Pinto v. Noem*, 4:26-cv-00057-TWP-KMB, 2026 WL 753894, at *4 (S.D. Ind. Mar. 17, 2026).

Because the Court is ordering Mr. Mundo Zarate's release, it is unnecessary at this juncture to address petitioner's request to enjoin respondents from invoking the automatic stay provision under 8 C.F.R. § 1003.19 or order any particular procedures for a bond hearing. *See* ECF No. 1 at 24; ECF No. 11 at 4–6.

Therefore, it is hereby ORDERED that:

5

1. The Petition, ECF No. 1, is GRANTED.  Respondents SHALL release petitioner from detention within 48 hours of this Order.  Such release may be on reasonable conditions as determined by respondents but not to include the payment of bond or the application of an ankle monitor.

2. To the extent respondents have any of petitioner's personal property in their posession, specifically, his "driver's license, passport, documents, and any identification cards," ECF No. 1 at 24, they SHALL return such items to him at the time of his release.

3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

4. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: April 8, 2026                    BY THE COURT:


R. Brooke Jackson
Senior United States District Court Judge

6